McFADDEN, Presiding Judge,
concurring fully and specially.
I concur fully The effective date provision is not ambiguous: OCGA § 42-8-66 is “effective July 1, 2015, and shall apply to sentences entered on or after such date.” Ga. L. 2015, pp. 422, 519, Act 73 (HB 310), § 6-1. I nevertheless suspect — and write separately to draw to the General Assembly’s attention the possibility — that we are enforcing an unintended consequence.
The effective date provision is the penultimate sentence of a 65-page act. That act extensively modifies the law of probation, particularly the imposition of probated sentences in the first instance. See Ga. L. 2015, pp. 422, 423, 440, 455, Act 73 (HB 310), §§ 1-1, enacting OCGA §§ 42-3-52, 42-3-112; 3-2, enacting OCGA §§ 42-8-102, *593 42-8-103, 42-8-104; 4-1, amending OCGA §§ 42-8-34, 42-8-35, 42-8-35.1, 42-8-35.2, 42-8-35.3, 42-8-35.4, 42-8-35.5, 42-8-35.6, 42-8-35.7,42-8-39; but see amendments to OCGA §§ 42-8-34, 42-8-38 (provision for revocation of probation). It would make no sense to retroactively modify statutes governing the imposition of sentences, and any such modifications would be constitutionally suspect. See Ga. Const, of 1983, Art. I, Sec. I, Par. X.
Decided June 6, 2017.
W. Bruce Maloy, Brenda J. Smeeton, Michele M. Young, for appellant.
Robert D. James, Jr., District Attorney, Anna G. Cross, Assistant District Attorney, for appellee.
But I see no constitutional impediment to extending the relief afforded by OCGA § 42-8-66 to persons sentenced before July 1,2015. When Bishop was sentenced, OCGA § 42-8-61 directed that she be “informed of the terms of [the First Offender Act] at the time of imposition of sentence.” See Ga. L. 2015, pp. 422, 508, Act 73 (HB 310), § 5-74. OCGA § 42-8-61 was amended and expanded in the act before us, but not fundamentally altered. Id. OCGA § 42-8-66 was enacted to provide relief for persons who were not afforded the information to which they were entitled under OCGA § 42-8-61.1 see no reason to imagine that worthy candidates for that relief are rarer among persons sentenced before July 1, 2015, than after.